IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JOSE VIDAURRI, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 3665 |
| TERRY L. McCANN, Warden, Stateville Correctional Center, | ) ) ) | The Honorable Rebecca R. Pallmeyer, |
| Respondent. | ) | Judge Presiding. |

**MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and this Court's order of July 9, 2008, respondent TERRY MCCANN moves this Court to dismiss the instant petition for writ of habeas corpus with prejudice because it is untimely. In support, respondent states as follows:

**I.    Procedural Background**

1.    Petitioner Jose Vidaurri is incarcerated at the Stateville Correctional Center in Joliet, Illinois, where he is in the custody of respondent Terry McCann. Petitioner's prison identification number is R15606.

2.    On July 10, 2002, following a jury trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of one count each of murder and attempt murder. The evidence at trial showed that on July 9, 2000, petitioner — a member

of the Satan Disciples street gang — and several other gang members were driving around Chicago in a van. When petitioner first entered the van, he handed a .9 millimeter gun to Juan Ocon, who was already in the van. Around 2:15 a.m., petitioner was driving the van and pulled it next to Dauntrez Snowden's car; Ocon and another passenger, Benjamin Pienero, flashed gang signs at Snowden's car. When Snowden sped away, petitioner gave chase while Ocon and another passenger, Alvero Vera, fired multiple gunshots into Snowden's car. Snowden was killed, and his friend Nicholas Mobley was shot twice. *See* Respondent's Exhibit (Resp. Exh.) A at 1-3 (Rule 23 Order, *People v. Vidaurri*, No. 1-02-3718 (Ill. App. 2004)); *see also* Resp. Exh. B at 2-4 (Rule 23 Order, *People v. Vidaurri*, No. 1-05-2051 (Ill. App. 2006)).

3.   The trial court sentenced petitioner to 35 years' imprisonment for the murder conviction, to be served consecutively to a term of ten years' imprisonment for the attempt murder conviction. *See* Resp. Exh. A at 1.

4.   Petitioner appealed, and on April 26, 2004, the Appellate Court of Illinois affirmed. *See id.*

5.   Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court that was denied on October 6, 2004. *See* Resp. Exh. C (PLA, *People v. Vidaurri*, No. 98536); *see also* Resp. Exh. D (Order Denying PLA, *People v. Vidaurri*, No. 98536). A Westlaw search indicates that petitioner did not petition the United States Supreme Court for a writ of certiorari.

6. On March 3, 2005, petitioner filed a postconviction petition pursuant to 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Cook County. *See* Resp. Exh. E at 1 (Postconviction Petition, *People v. Vidaurri*, No. 00 CR 8905(03)). On May 11, 2005, that court dismissed the petition as frivolous and patently without merit. (*See* Doc. 1 at 5).

7. Petitioner appealed, and on November 6, 2006, the state appellate court affirmed. *See* Resp. Exh. B.

8. Petitioner filed a PLA in the state supreme court that was denied on May 31, 2007. *See* Resp. Exh. F (PLA, *People v. Vidaurri*, No. 104198); *see also* Resp. Exh G (Order Denying PLA, *People v. Vidaurri*, No. 104198). A Westlaw search indicates that petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

9. On June 19, 2008,[1] petitioner filed the instant petition for writ of habeas corpus raising three claims:

(A) petitioner's inculpatory custodial statement was involuntary;

---

[1] The instant petition, which is not dated and does not indicate when petitioner placed it in the institutional mailing system at Stateville Correctional Center, was received by the Clerk of Court on June 26, 2008. (*See* Doc. 1 at 1). However, petitioner's in forma pauperis application is dated June 19, 2008. Because the instant petition is untimely even under that earlier date, respondent assumes that the petition was filed on June 19, 2008. *But see* Rule 3(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also United States v. Craig*, 368 F.3d 738, 740-41 (7th Cir. 2004) (requiring strict compliance with similarly-worded "mailbox rule" in Fed. R. App. P. 4(c))

    (B)    trial counsel was ineffective for:

        (1)    failing to challenge the voluntariness of petitioner's inculpatory custodial statement;

        (2)    filing a meritless motion challenging the authority of a third party to consent to a search of the apartment in which petitioner was arrested;

        (3)    failing to make a timely objection to a detective's testimony that six witnesses placed petitioner in the van on the night of the shooting;

        (4)    failing to object to the introduction of a .9 millimeter gun where no evidence connected the gun to the instant shooting;

        (5)    refusing to allow petitioner to testify;

        (6)    failing to argue that the prosecution had knowingly elicited false testimony from a witness; and

        (7)    conceding petitioner's guilt during closing arguments; and

    (C)    direct appeal counsel was ineffective for failing to argue that:

        (1)    trial counsel was ineffective; and

        (2)    the evidence was insufficient to prove petitioner guilty beyond a reasonable doubt.

(*See* Doc. 1 at 8-20).

    10.    Petitioner has exhausted his state court remedies because no state court avenues remain available by which petitioner may present the claims raised in the instant petition. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also* 725 ILCS 5/122-1(f) (defendant may not file second or successive postconviction petition without first obtaining leave of court).

11.     The following state court materials are relevant to this Court's timeliness determination and are being filed as exhibits under separate cover:

Exhibit A:   Rule 23 Order, *People v. Vidaurri*, No. 1-02-3718 (Ill. App. 2004);

Exhibit B:   Rule 23 Order, *People v. Vidaurri*, No. 1-05-2051 (Ill. App. 2006);

Exhibit C:   PLA, *People v. Vidaurri*, No. 98536;

Exhibit D:   Order Denying PLA, *People v. Vidaurri*, No. 98536;

Exhibit E:   Postconviction Petition, No. 00 CR 8905(03);

Exhibit F:   PLA, *People v. Vidaurri*, No. 104198; and

Exhibit G:   Order Denying PLA, *People v. Vidaurri*, No. 104198.

## II.     Argument

### A.     The Instant Petition Is Untimely Under § 2244(d)(1)(A).

12.     This Court should dismiss the instant petition with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas corpus petitions. Section 2244(d) provides as follows:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

13. Petitioner does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim. (*See* Doc. 1 at 8-20). Therefore, of the four possible dates from for starting the limitations period, the date on which petitioner's judgment became final is the only one applicable to the present case. *See* 28 U.S.C. § 2244(d)(1).

14. Petitioner's judgment of conviction became final on January 4, 2005 — 90 days after the Illinois Supreme Court denied his PLA on direct appeal — when the time to file a petition for writ of certiorari in the United States Supreme Court expired. *See Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). Therefore, petitioner's federal habeas petition was due to be filed on or before January 4, 2006.

15. Under § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state postconviction or other collateral relief. *See* 28 U.S.C. § 2244(d)(2); *see also Allen v. Siebert*, 128 S.Ct. 2, 3 (2007). Respondent does not dispute that petitioner tolled the limitations period when, on March 3, 2005, he filed a postconviction petition in the Circuit Court of Cook County. However, 58 days of untolled time elapsed between the date on which petitioner's judgment became final and the filing of his postconviction petition.

16. The limitations period remained tolled until May 31, 2007, when the Illinois Supreme Court denied petitioner's postconviction PLA. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations began running the next day. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1083-84 (2007); *see also Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000) (limitations period is not tolled during time state postconviction petitioner could have filed, but did not file, petition for writ of certiorari). The statute of limitations then ran for 385 days, until petitioner filed the instant petition on June 19, 2008. Adding the 58 days that ran before petitioner filed his postconviction petition to the 385 days that ran following the conclusion of state postconviction proceedings, petitioner did not file the instant petition until 443 days after his judgment became final. Accordingly, the instant petition is untimely and this Court should dismiss it with prejudice.

### B.   Petitioner Is Not Entitled To Equitable Tolling.

17. Federal limitations periods are "customarily subject to 'equitable tolling' unless tolling would be inconsistent with the text of the relevant statute."

*Young v. United States*, 535 U.S. 43, 49-50 (2002). Section 2244(d) contains its own tolling rules, and it is an open question whether those rules preclude application of equitable tolling principles. *See Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004); *see also Williams v. Buss*, __ F.3d __, No 07-1092, 2008 WL 3519569, *2 (7th Cir. Aug. 14, 2008) ("the very availability of equitable tolling for habeas corpus petitioners is dubious in this circuit"). Assuming that equitable tolling survives § 2244(d), its availability is sharply constrained because the rules set forth in § 2244(d)(1) closely track traditional equitable tolling principles. *See Williams*, 390 F.3d at 962.

18.    In *Pace v. DiGuglielmo*, the Supreme Court assumed without deciding that a habeas petitioner could invoke equitable tolling if the petitioner established "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 544 U.S. 408, 418 (2005). However, neither the Supreme Court nor the Seventh Circuit has identified factual circumstances that justify equitable tolling of § 2244(d)(1)'s statute of limitations. *See Poe v. United States*, 468 F.3d 473, 477 n.5 (7th Cir. 2006).

19.    Here, petitioner has not alleged, and there is nothing in the record to suggest, that extraordinary circumstances outside of his control prevented him from filing a timely federal habeas petition. In any event, given that petitioner allowed more than a full year to elapse between the conclusion of state postconviction

proceedings and the initiation of federal habeas review, equitable tolling is foreclosed by petitioner's own lack of diligence.  *See Pace*, 544 U.S. at 418.

## CONCLUSION

This Court should dismiss the instant petition for writ of habeas corpus with prejudice because it is untimely.  If this Court determines that the petition is timely, respondent requests 30 days from the entry of the Court's order denying this motion to address any procedural defaults and/or the merits of petitioner's claims in a subsequent submission.

August 26, 2008                                             Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:     s/ Michael R. Blankenheim
MICHAEL R. BLANKENHEIM, Bar # 6289072
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-8826
FAX: (312) 814-2253
EMAIL: mblankenheim@atg.state.il.us

# CERTIFICATE OF SERVICE

       I certify that on August 26, 2008, I electronically filed respondent's **Motion To Dismiss Petition For Writ Of Habeas Corpus As Time-Barred** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of that document via the United States Postal Service to the following non-CM/ECF user:

    Jose Vidaurri, R15606
    Stateville Correctional Center
    Route 53
    P.O. Box 112
    Joliet, Illinois 60434

                          s/ Michael R. Blankenheim
                          MICHAEL R. BLANKENHEIM, Bar # 6289072
                          Assistant Attorney General
                          100 West Randolph Street, 12th Floor
                          Chicago, Illinois 60601-3218
                          TELEPHONE: (312) 814-8826
                          FAX: (312) 814-2253
                          EMAIL: mblankenheim@atg.state.il.us